# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action: _____

CYNTHIA MARIE NELSON Plaintiff,

 v.

BACA GRANDE PROPERTY OWNERS' ASSOCIATION, non-profit organization, State of Colorado, ID 19871251828, 68575 County Road T Crestone, CO 81131

CONNIE MARIE ESTRADA, Former Executive Director, Baca Grande Property Owners Association, in her individual capacity,

MORGAN HARRIS, daughter of Connie Estrada, in her individual capacity

KEVIN FLEWELL, Former Executive Director, Baca Grande Property Owners Association, in his individual capacity

STEVE DOSSENBACK, Former President, Board of Directors, Baca Grande Property Owners Association, in his individual capacity,

ROBERT ARNOLD, Volunteer Architectural and Engineer Committee, Baca Grande Property Owners Association, in his individual capacity.

KATHLEEN KENNEDY, Volunteer Architectural and Engineer Committee, Baca Grande Property Owners Association, in her individual capacity,

JOE BUCKLEY, Volunteer Architectural and Engineer Committee, Baca Grande Property Owners Association, in his individual capacity.

MARK REPP, Member, Former Board member, Baca Grande Property Owners Association, in his individual capacity,

ANTHONY LEE SMITH **–** Member Baca Grande Property Owners Association, in his individual capacity.

Page 1     Nelson v Baca Grande Property Owners Association et. al.

MCKENZIE JONES – Realtor, Path Home Group, in her official capacity,

DAN WARWICK, Saguache County Sheriff, in his official capacity,

NATHAN RANDALL, Saguache County Deputy, in his individual capacity,

STEVEN HANSEN, Saguache County Deputy, in his individual Capacity,

JAMES CHAVEZ, Saguache County Deputy, in his individual capacity.

BOARD OF COMMISSIONERS OF SAGUACHE COUNTY, COLORADO, a county in the U.S. state of Colorado.

MOELLER GRAF, P.C., 385 INVERNESS PKWY, Suite 200, ENGLEWOOD, CO 80112, CO, United States, ID 20051379139,

CHRISTIAN WEBERT, ESQUIRE, in his official capacity, NO 43739,

DAVID GRAF, ESQUIRE, in his individual capacity, No 26070.

## **CONTENTS**

I.     Parties
II.    Jurisdiction and Venue
III.   Complaint
IV.    Statement of Facts
V.     Statement of Claims for Relief

**I.**

**<u>PARTIES</u>**

**PLAINTIFF**

1.   Cynthia Nelson
     15390 East Arizona Ave. Apt 207
     Aurora, Colorado 80017
     Phone 601-397-2522
     Email: somethingcynthia@gmail.com
     At all times relevant to the subject matter of this Complaint, Cynthia
     Nelson is a citizen of the United States of America and a resident of
     and domiciled in the State of Colorado.

## **DEFENDANTS**

1.  Board of Commissioners County of Saguache Colorado
    505 3rd Street
    P.O. Box 100
    Saguache, CO 81149
    Phone: 719-655-2231      Email: wmaez@saguachecounty-co.gov
    Saguache is a County organized under the laws of the State of Colorado
    and is a "person" subject to suit under 42 U.S.C. § 1983. At all times
    relevant to this Complaint the County of Saguache was responsible for the
    oversight, supervision, discipline, and training of The Saguache County
    Sheriff's Department personnel. At all times relevant to the subject matter
    of this Complaint, The County of Saguache had a nondelegable duty to
    provide equal protection under the law and Constitution of the United
    States of America.

2.  Saguache County Sheriff's Department
    530 5th Street
    P.O. Box 265
    Saguache, Colorado 81149    Email: dwarwick@saguachecounty-co.gov
    Saguache County Sheriff's Department is an Institution under the laws of
    the State of Colorado and is a "person" subject to suit under 42 U.S.C. §
    1983. At all times relevant to this Complaint the County of Saguache was
    responsible for the oversight, supervision, discipline, and training of The
    Saguache County Sheriff's Department personnel. At all times relevant to
    the subject matter of this Complaint, The Saguache County Sheriff's
    Department had a nondelegable duty to provide equal protection under the
    law and Constitution of the United States of America.

3.  Saguache County Sheriff Dan Warwick;
    530 5th Street
    PO Box 265
    Saguache, Colorado 81149
    Phone: 719.655.2544    Email: dwarwick@saguachecounty-co.gov
    At all times relevant to the subject matter of this Complaint Sheriff Dan
    Warwick is a citizen of the United States of America and a resident of
    and domiciled in the State of Colorado.

4.  Saguache County Deputy Steve Hansen
    26811 County Road 61,
    Moffat, Colorado 81143-9728
    Phone: 719-238-4579     Email: shansen@saguachecounty-co.gov
    At all times relevant to the subject matter of this Complaint, Steve Hansen
    is a citizen of the United States of America and a resident of and domiciled
    in the State of Colorado.

5.  Saguache County Deputy James Chavez
    530 5th St,
    Saguache, CO 81149, United States
    Phone: +1 719-655-2525 Email: jchavez@saguachecounty-co.gov
    At all times relevant to the subject matter of this Complaint, James Chavez
    is a citizen of the United States of America and a resident of and domiciled
    in the State of Colorado.

6.  Saguache County Deputy Nathan Randall
    530 5th St.
    Saguache, Colorado 81149
    Phone: 719-655-2525      Email: nrandall@saguachecounty-co.gov
    At all times relevant to the subject matter of this Complaint, Nathan Randall
    is a citizen of the United States of America and a resident of and domiciled
    in the State of Colorado.

7.  The Baca Grande Property Owners Association, non-profit Corporation,
    68575 Co Rd T,
    P.O. Box 237
    Crestone, Colorado 81131, United States
    Mailing address: P.O. Box 237
    Crestone, CO 81131
    Phone: 719-256-4171       Email: info@bacapoa.org
    The Baca Grande property Owners Association is an Institution under the
    laws of the State of Colorado and is a "person" subject to suit under 42
    U.S.C. § 1983. At all times relevant to this Complaint the Baca Grande
    Property Owners Association is a tax-exempt non-profit, quasi-
    governmental Organization, that provides municipal services to the Town of
    Crestone, Colorado. The Corporation's fiduciary duty is to "serve the

owners of property by acting to preserve, protect, and enhance property values and to operate the community." And to provide maintenance and emergency services.

8.   Connie Estrada
     58301 CR CO
     Saguache, Colorado 81149
     Phone: 719-221-0584          Email: manager@bacapoa.org
     At all times relevant to the subject matter of this Complaint, Connie Estrada is a citizen of the United States of America and a resident of and domiciled in the State of Colorado.

9.   Morgan Harris
     5665 Whiting Way
     Peyton, Colorado 80831
     Phone: 206-508-3878          Email: not available
     At all times relevant to the subject matter of this Complaint, Morgan Harris is a citizen of the United States of America and a resident of and domiciled in the State of Colorado.

10.  Kevin Flewell
     57 Copper Circle Unit 105
     Frisco, Colorado 80443
     Phone: (970) 485-4793        Email: not available
     At all times relevant to the subject matter of this Complaint, Kevin Flewell is a citizen of the United States of America and a resident of and domiciled in the State of Colorado.

11.  Steve Dossenback
     104 Swallowtail Ct,
     Little River, SC 29566
     Phone: 719-588-9626          Email: sdossenback@gmail.com
     At all times relevant to the subject matter of this Complaint, Steve Dossenback is a citizen of the United States of America and a former resident of the State of Colorado. He is a current resident of South Carolina.

12.   Mark Repp
      PO Box 551, 1266 Forest Grv,
      Crestone, CO, 81131-551
      Phone: (719) 229-3701           Email: Mrepp@bellsouth.net
      At all times relevant to the subject matter of this Complaint, Mark Repp is a
      citizen of the United States of America and a resident of and domiciled in
      the State of Colorado.

13.   Robert Arnold
      P.O. Box 1145
      4330 Celestial Overlook
      Crestone, Co 81131
      Phone: (970) 963-2509           Email: not available
      At all times relevant to the subject matter of this Complaint, Mark Repp is a
      citizen of the United States of America and a resident of and domiciled in
      the State of Colorado.

14.   Joe Buckley
      P.O. Box 222
      35 Camino Baca Grande
      Crestone, CO 81131 ·
      Phone: (719) 638-5621           Email: not available
      At all times relevant to the subject matter of this Complaint, Mark Repp is a
      citizen of the United States of America and a resident of and domiciled in
      the State of Colorado.

15.   Katherine Kennedy
      1867 Rockyview Way
      P.O. Box 457
      Crestone, Colorado 81131
      Phone: not available            Email: not available
      At all times relevant to the subject matter of this Complaint, Kathleen
      Kennedy is a citizen of the United States of America and a resident of and
      domiciled in the State of Colorado.

16.   MOELLER GRAF, P.C.,
      386 Inverness Parkway, Suite 200,
      Englewood, Colorado, 80112 United States, ID 20051379139

Phone: 720-279-2768          Email: dgraf@moellergraf.com
Moeller Graf, P.C. is a corporation under the laws of the State of Colorado
and the United States of America. Moeller Graf, P.C.is a "person" subject to
said laws. At all times relevant to this Complaint Moeller Graf, P.C. is an
organization that provides legal services to the Baca Grande Property
Owners Association and it's members.

17.    Esq. Kyle C. Webert No. 43739
       385 Inverness Pkwy # 200,
       Englewood, CO 80112
       Phone: 720-279-2568          Email: cwebert@moellergraf.com
       At all times relevant to the subject matter of this Complaint, Kyle C. Webert
       is a citizen of the United States of America and a resident of and domiciled
       in the State of Colorado.

18.    Anthony Lee Smith
       11555 Canterberry Lane
       Parker, CO 80138
       Phone: 323-823-4938    Email:  asmith@spoton.com
       At all times relevant to the subject matter of this Complaint, Kyle C. Webert
       is a citizen of the United States of America and a resident of and domiciled
       in the State of Colorado.

19.    David Graf, 11558 Canterberry Lane
       Parker, Co 80138]
       Phone: (720)279-2568          Email: dgraf@moellergraf.com
       At all times relevant to the subject matter of this Complaint, David Graf is a
       citizen of the United States of America and a resident of and domiciled in
       the State of Colorado.

20.    McKenzie Jones, License: No. FA100088437
       6300 E Hampden Ave STE C #288.
       Denver, CO 80222
       Phone: (720) 600-7007          Email: kenzie@pathhometeam.com
       At all times relevant to this Complaint McKenzie
       Jones is a citizen of the United States of America and a resident of and
       domiciled in the State of Colorado.

II.

## **JURISDICTION, VENUE. AND PARTIES**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2. Plaintiff and Defendants are all residents of Colorado, except for Defendant, Steve Dossenback, a former resident of Colorado and current South Carolina, U.S.A.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside in Colorado and the real property that is the subject of this action is located in Colorado.

III.

## COMPLAINT AND JURY DEMAND

## INTRODUCTION

Beginning September 2018 until February 2021, The Baca Grande Property Owners Association, herein after referred to as Baca POA, a non-profit Corporation, Board members, Administrators and Committee Volunteers, Connie Estrada, Kevin Flewell, Stave Dossenback, Mark Repp, Robert Arnold, Joe Buckley, Katherine Kennedy, Morgan Harris, along with The Saguache County Independent Judge, Anna Ulrich, the Rio Grande County Independent Judge Barbara Zollars, acting on behalf of the County of Saguache Colorado, Saguache County Sheriff, Dan Warwick, Saguache County Deputies Steve Hansen, James Chavez and Nathan Randall, Attorney Kyle Christian Webert, herein after referred to as Christian Webert, Esquire, David Graf, Esquire of the law firm Moeller Graf, P.C, Anthony Smith and Realtor McKenzie Jones, did violate the Plaintiff's Legal, Civil and Constitutional Rights. The Defendants Connie Estrada, Kevin Flewell, Steve Dossenback, Mark Repp, Robert "Bob" Arnold, Joe Buckley, Katherine Kennedy, Morgan Harris, Saguache County Sheriff, Dan Warwick, Saguache County Deputies Steve Hansen, James Chavez and Nathan Randall, engaged in a consociation dedicated to the emotional and financial harassment of Plaintiff due to the aforementioned Defendant's **shared belief in the Q-anon conspiracy and extreme right-wing ideologies.** The Defendants engaged in a practice of harassment toward the Plaintiff, as they determined her to be undesirable in the community. **The Defendant's engaged in a practice of discrimination towards the Plaintiff due to her cultural, religious affiliation, Spiritual affinity, environmental consciousness, disbelief in radical right-wing conspiracies, disability, and minority.**

The Baca POA **violated renewable energy laws**. The Baca POA, Architectural and Engineering Committee member, Katherine Kennedy, Joe Buckley, and Bob Arnold **refused to allow the installation of a Wind Turbine by the Plaintiff,** violating renewable energy statutes. The Baca POA Covenants forbid wind turbines in certain areas of the Community.

The Baca POA **violated Plaintiff's First Amendment Rights**. The Baca POA, Administrator, Connie Estrada, President, Steve Dossenback and Mark Repp **refused to allow construction of a Prayer Space in violation** of Defendants First Amendment Right to **Freedom of Religion, Free Exercise Clause.**

The Baca POA committed **Defamation of Plaintiff** to harass and destroy Defendant's position and safety in the Community. The Administrator of Baca POA, Connie Estrada**, falsely accused Plaintiff of trying to hit her with her car.** The Defendant, Connie Estrada, lured Plaintiff to a meeting, which had been cancelled. Defendant, Connie Estrada, subsequently followed the Plaintiff out of the parking lot, of the Baca POA, in her car. The Defendant, Connie Estrada, began following Plaintiff in a menacing manner, causing her to pull over. Then, the Defendant, Connie Estrada, would pass Plaintiff, pull over, and begin following the Plaintiff again. Later, the Defendant, Connie Estrada, filed harassment charges against Plaintiff. The Plaintiff videotaped this event.

Two members of the Architecture and Engineering Committee, Katherine Kennedy, and Joe Buckley, committed **perjury,** in a court of law, **accusing the Plaintiff of threatening the Defendant,** Connie Estrada, during a committee meeting. They had contradicting testimonies.

The Baca POA **committed breach of contract, fraud**, coercion, and harassment. The Baca POA Administrator, Connie Estrada, deliberately defrauded and harassed the Plaintiff by Trespassing on Plaintiff's property, inventing violations, ignoring permit request, misplacing payments, ignoring repeated responses, failing to acknowledged proof of payments, adding and creating fraudulent attorney's fees to Plaintiff's account, failing to honor the appeal committee's determinations, falsely accusing Plaintiff of harassment, falsely suing Plaintiff for restraining order, refusing binding arbitration and falsely suing Plaintiff for Covenant violations

The Baca POA **violated the Fair Housing Act and Americans with Disabilities Act**. The Baca POA, its Board members, Management and Administrators, upon becoming aware of **Plaintiff's disability** and cognitive limitations, proceeded to procure a default judgement by denying the Plaintiff knowledge of a Civil lawsuit in Saguache County Court. **Plaintiff was not**

**served with due process.** They took advantage of Plaintiff's disability and refused to make reasonable accommodations.

The Baca POA committed Harassment. The Baca POA Manager, Connie Estrada, solicited her daughter, Defendant Morgan Harris, to threaten Plaintiff by text. The Management and Administration, under the influence of Connie Estrada, participated in threats and coercion against Plaintiff. In order to make Plaintiff feel unsafe, Connie Estrada and her daughter, **sent threatening text messages,** placed Plaintiff's phone number on a sex worker website, sent anonymous and traceable text calling her a pedophile, sent anonymous and traceable text, leading Plaintiff to believe she could **be falsely imprisoned**, falsely **accusing her of crimes, pedophilia and declaring her disbelief in Donald Trump and Q-anon** as a justifiably punishable act.

The Baca Grande POA colluded with Defendant/home buyer, Anthony Smith, Realtor McKenzie Jones, and Defendant David Graf, to **defraud Plaintiff from realizing financial and economic benefits from the sale of her home**. The Defendant's Connie Estrada, Kevin Flewell, Christian Webert, Anthony Smith, McKenzie Jones, and David Graf, engaged in fraud, coercion, dishonesty, and manipulation to cause real monetary loss to Plaintiff. **Buyer/Defendant, Anthony Smith, was able to resolve all outstanding violations on Plaintiff's property, with a permit application and $35, after the sale.**

Defendants, Moeller Graf P.C. David Graf, and Associate Christian Webert, conspired with Baca POA in padding, inflating and fraudulently contriving legal fees. Harming Plaintiff financially and emotionally, Moeller Graf, P.C. and Christian Webert, Esquire, **deliberately failed to attempt service of summons by certified mail or to the Plaintiff's address of record with the U.S. postal service.** To derive a default judgement. Moeller Graf and their Associate Christian Webert, **aware that the Plaintiff had a disability and cognitive limitations, conspired to, and defrauded her financially.**

In addition, **Former Judge Anna Nicole Ulrich**, Saguache County Independent Judge, **presided over many lawsuits involving the Baca Grande POA, while being an active member of the Baca POA**. Former Judge Anna Ulrich presided over the Civil Lawsuit brought by Defendant, Connie Estrada, against Plaintiff, for a restraining order. In addition, former

Judge Anna Ulrich was scheduled to hear the harassment charge and made prejudicial remarks toward Plaintiff during the preliminary hearing. This, without ever disclosing her membership in The Baca POA. Defendant, former Judge Anna Ulrich refused a subpoena request by Plaintiff to hinder Plaintiff from pursuing proof of perjury and defamation by Defendant, Connie Estrada. Former Judge Anna Ulrich resigned after several complaints to Colorado Supreme Court. However, Colorado Supreme Court never admonished the, now resigned, Judge Ulrich for this **breach of ethics**.

**Hon. Judge Barbara A. Zollars**, Rio Grande County Independent Judge, acting on behalf of Saguache County, presided over Case: 2020C30019 and **rendered a default judgement while exhibiting symptoms of dementia**. Judge Zollars has since retired. The Colorado Supreme Court never acknowledged this disability in Judge Zollars, as doing so would expose liability and **render this judgment void.**

Violation of Fourteenth Constitutional Amendment. The Saguache County **Sheriff, Dan Warwick**, and his deputies Nathan Randall, Steve Hansen and James Chavez refused to provide Constitutional and equal protection under the law. The Sheriff and the Deputies **refused to process or investigate Complaints regarding harassment, threats, and fraud,** perpetrated by specific members of the Baca POA. The Saguache County Sheriff and his Deputies participated in and perpetrated harassment by members of the Baca POA, at their behest. The Saguache County Sheriff and his Deputies **held loyal to Q-anon conspiracy theories, stolen election theories** and felt empowered, at this time, to participate in harassment of the Plaintiff, as Plaintiff was not of that belief.

The Baca POA, **The Saguache County Commissioners** and Sheriff's Department **colluded in an arson, at 1190 Beaver Road, Crestone, Colorado 81131**. This property belonged to a former resident, member of The Baca POA and **troubled Veteran, Johnathan Jarvis**. The planning of this arson was audio recorded. **Evidence will show this pattern of threats, fear, coercion towards those of undesirable affiliations, in the community.**

# IV

## STATEMENT OF FACTS

1.  In July 2018, Plaintiff purchased property 351 North Chaparral Way, Crestone, Colorado 81131, Chalet 1, Saguache County, State of Colorado.

2.  The Plaintiff entered into a contractual agreement with The Baca POA, a tax-exempt non-profit, quasi-governmental Organization, that purports to provide municipal services to areas identified as Chalet I, Chalet II and The Grants in the Town of Crestone, Colorado. In Form 990 to The Internal Revenue Service and in the Baca POA Amended and Revised Bylaws, the Corporation professes to "serve the owners of property by acting to preserve, protect, and enhance property values and to operate the community." And to provide maintenance and emergency services.

3.  August 2018, Plaintiff submitted a request for Wind turbine (windmill) for renewable energy.

4.  September 2018, The Baca POA, with its agents, Defendants, Connie Estrada, Robert "Bob" Arnold, Steve Dossenback, Mark Repp, Joe Buckley, and Katherine Kennedy began a systematic pattern of harassment and coercion to deny Plaintiff's right to renewable energy and installation of her wind turbine. Plaintiff was publicly threatened with a lawsuit if she tried to put up the Wind Turbine. She was told by one Architect and Engineer Committee member, Dennis Issleman, "If you do, you better get yourself a good lawyer."

5.  The Official Covenants of The Defendant Baca POA definitively state, the Association only allows Wind Turbines in certain subdivision. Page 18-19, Section 10.14 'Wind Generators can be

used as an alternative source of power in the Grants'. The Baca Grande Property Owners Association is made up of 3 subdivisions: Chalet 1, Chalet 2 and The Grants. Plaintiff lived in Chalet 1. To date, no wind turbines exist in Chalet 1.

6.   A systematic pattern of harassment began against Plaintiff, as Defendants, The Baca POA, Connie Estrada, Steve Dossenback, Mark Repp, Joe Buckley, Robert Arnold and Katherine Kennedy willfully ignored emails, permit applications related to a "Prayer Space" and emails related to a "Treatment Center' for drug addiction.

7.   As Plaintiff's permits went ignored, in June 2019, Plaintiff subsequently proceeded with clearing land to facilitate her "Prayer Space", at which time, Connie Estrada and Katherine Kennedy trespassed onto her property, and took pictures of items, deeming these items violations, with the sole intent of harassing Plaintiff. These violations were declared "blight" and "building without a permit." Pictures were presented of cleared and cleaned land (that did not involve cutting down trees), a garden bridge (from a kit and not a construction project) that were in the Plaintiff's backyard and not visible from the road; two pallets that were stacked upon each other, in the back yard, and not visible from the road; a pile of sticks used for firewood kindling; a plastic esthetic garden fence (not a construction project) two sheds. One shed was to be a prayer/meditation room. One building was to be a storage shed. Sheds are permissible without permits. Plaintiff's Association fee payments were intentionally lost and not applied to her account.

8.   Plaintiff began making efforts to resolve any non-compliance by submitting and re-submitting permit applications. Plaintiff sent permit applications via certified mail. Plaintiff sent permit applications via email, to every member of The Baca POA Board of Governors. Plaintiff sent and re-sent copies of cancelled checks.  All Defendant's deliberately ignored plaintiff's efforts.

Plaintiff videotaped herself preparing responses before sending them certified mail.

9. Defendant's Connie Estrada, Kevin Flewell and Steve Dossenback, to cause Plaintiff financial and emotional harm, ignored all efforts to respond to their demands, and referred the matter to Defendant's Law Firm Moeller Graf and Associate Christian Webert. Plaintiff began sending the same permit applications, related to the prayer space, to the Defendant's Moeller Graf and Associate Christian Webert, and again, Plaintiff's efforts went unacknowledged.

10. Being made aware of Plaintiff's physical and cognitive, mental, and physical disability, the Defendant's Connie Estrada, Kevin Flewell, Steve Dossenback, Christian Webert and Moeller Graf began to cause repetitive email communications, resulting in attorney's fees. Plaintiff was unaware that every communication was a charge for an attorney fee, which would later be extorted out of the sale of her home. Additionally, these Defendant's sought to overwhelm Plaintiff emotionally, with disingenuous demands, contradicting request, and actions. Defendant's Moeller Graf defrauded Plaintiff by creating unauthorized, misleading, and deceptive charges.

11. Henceforth, an audit of Cosmolex entries by the law firm Moeller-Graf, will reveal these charges were not entered contemporaneously when the Plaintiff was billed. In other words, the date of the charges on the Plaintiff's bill, will not reflect as an entry in the Cosmolex, on the same date. Furthermore, the Cosmolex entries may show logged hours exceeding reasonable daily entries by the Defendant Christian Webert.

12. Also, Defendant's Moeller Graf and Christian Webert failed to follow due process protocol in serving Plaintiff with Summons in Case No 2020C0300019. Defendants Moeller Graf and Christian Webert, opted for Service by publication in a sparsely

circulated publication, unheard of by Plaintiff, called the Saguache Crescent, with a circulation in the town of Saguache, Colorado, population 550. Defendants Moeller Graf P.C., Christian Webert and Judge Barbara Zollars were aware this town was 30 miles away from Plaintiffs residence in Crestone, Colorado.

13.   Defendant's Moeller Graf and Christian Webber, were aware that the Plaintiff was in Mississippi, caring for her elderly mother, during a pandemic crisis, in our Country.

14.   These same Defendants also took advantage of Hon. Judge Barbara Zollars cognitive decline and onset of dementia, to procure a Default Judgment.

15.  These same Defendants charged the Plaintiff for superfluous task and inane work, such as redundant emails, review of a lot consolidation, phone conversations with third parties, etc.

16.   June 9, 2019, Defendant, Connie Estrada, began deliberately threatening Plaintiff in various situations, to assault, coerce, defame, and injure her credibility in the community. During a violation meeting, Plaintiff attempted to videotape the hearing, as the legal implications were significant. Baca POA Policy prohibits videotaping. Plaintiff was ordered to stop. After she complied, Connie Estrada threatened to have her arrested and removed from the proceedings, if she did not leave. Defendant, Connie Estrada, left the room to call the police. This was an unprovoked assault and threat to have Plaintiff falsely imprisoned.

17.   June 24, 2019, Plaintiff was summoned, by mail, to a meeting at Baca POA, regarding her property. The meeting had been cancelled and Defendant, Connie Estrada failed to inform Plaintiff. Plaintiff arrived at the Baca POA meeting hall. After discerning the meeting hall was empty and locked, Plaintiff

drove away from the structure. Defendant, Connie Estrada, began following Plaintiff with her vehicle, in a menacing way. Plaintiff pulled over twice and allowed Defendant, Connie Estrada to pass her. The Defendant, Connie Estrada, began to drive slowly and Plaintiff remained behind Defendant, driving at a safe distance. Defendant, Connie Estrada later went to the police claiming Plaintiff tried to, twice, "ram" her with her car. Plaintiff videotaped the encounter, showing she, in fact, did not try to ram Defendant, Connie Estrada, with her car.

18.   Defendants Katherine Kennedy and Joe Buckley committed perjury to support Defendant, Connie Estrada's assertion of harassment and to defame Plaintiff.  Saguache County Judge, and Baca POA member, Anna Ulrich presided over the civil case for Restraining Order. Katherine Kennedy and Joe Buckley had contradicting testimonies. Plaintiff did not prevail in this Civil case and was fraudulently placed under a restraining order.

19.   Saguache County Judge Anna Nicole Ulrich presided over several cases involving The Baca POA and never disclosed her conflict of interest. The State of Colorado has ignored this breach of ethics and failed to follow up on complaints. Judge Ulrich also denied Plaintiff ability to subpoena in harassment Case 2019M35, and made prejudicial remarks against Plaintiff to the prosecutor, while continuing to conceal her membership in the Baca POA. After numerous complaints to Colorado Supreme Court, Judge Anna Ulrich resigned.

20.   Judge Ulrich sold her home in Crestone, Colorado. The MLS 5873546; description included, "Property also offers a 934 sq. ft. concrete [octagonal] foundation slab with electrical, installed plumbing and radiant-floor tubing...". In other words, Judge Ulrich was judging Defendant's culpable, for unfinished construction projects, while she had an unfinished construction site on her property. Unfinished construction sites are against Baca POA Guidelines and Covenants. Plaintiff and Other

residents, suffered harassment, threats, bullying and legal extortion.

21.   Judge Barbara Zollars has issued Judgments while exhibiting signs and symptoms of dementia. She presided over Plaintiff's case 2020CV030002, in which Plaintiff was not served with due process. Judge Barbara Zollars was not able to comprehend the complexity of the case and rendered a Judgment by Default, while impaired.

22.   The Plaintiff's response to a, separate and unrelated, case (Case 2019M35) was taken, by Judge Zollars, as Plaintiff's knowledge of the separate and unrelated, Civil lawsuit by the Defendant. (The Baca Grande Property Owner's Association v. Cynthia Nelson case 2020CV030002).

23.   In Court case: Baca Grande Property Owners Association V. Bayardo Sandy, Judge Zollars was on record, calling the Defendant by the wrong name and referring to a "boat", many times, which was never a subject of the lawsuit. Judge Zollars also gave a default judgment in other cases, while in her impaired state. Judge Zollars issued a default judgment in case: Baca Grande Property Owners Association vs. Johnathan Jarvis.

24.   Judge Zollars medical records will indicate that there was indeed mental decline. After complaints to The Colorado Supreme court, Judge Barbara Zollars retired.

25.   The Saguache County Sheriff's Department Deputies Steve Hansen, Nathan Randall, James Chavez and Sheriff, Dan Warwick, began participating in the harassment of Plaintiff, by refusing to investigate evidence of threats and harassment. They willfully prohibited Plaintiff due process and equal protection under the law. The Saguache County Sheriff's Department has a long-standing relationship with Defendant's

The Baca POA, Connie Estrada, Steve Dossenback, Robert Arnold, Katherine Kennedy and Joe Buckley.

26. Evidence of text messages and emails around January 6th, 2020, of these same Defendants and Morgan Harris, will show belief in Q-anon, support of the Insurrection and malice towards Plaintiff or anyone not believing in the Trump "stolen election" or "Q-Anon" conspiracy. Plaintiff received threats of false imprisonment and harassment from Defendant Morgan Harris, as well as various unknown persons. These unknown persons were identified as social media friends of the Defendant, Connie Estrada. Plaintiff was in fear for her safety and moved away from Saguache County.

27. A Crestone Community Facebook Group, "Crestone Prepare", was established by, Baca POA member, Lori Nagel, supporting the Q-anon conspiracy. Plaintiff posted memes and information that would debunk Q-anon conspiracies. The community became hostile towards Plaintiff, making remarks such as, "fuck you" and "pedophile;" eventually removing Plaintiff from the site, and blocking her access. Plaintiff began receiving threats related to her disbelief in Donald Trump and Q-anon. Plaintiff will offer evidence as to Defendants, Connie Estrada and Morgan Harris as the source of these text messages.

28. Plaintiff filed complaints against Judge Anna Ulrich and Judge Barbara Zollars regarding misconduct, with the Colorado Supreme Court. Plaintiff reached out to The Colorado State Attorney for assistance, regarding the Saguache County Sheriff's Department failure to provide equal protection under the law.

29. Defendant Connie Estrada used criminal accusations as leverage to further harass Plaintiff. Defendant, Connie Estrada, has voiced disdain towards Spiritually minded Democratic, Environmentally Conscious, Peaceful, Altruistic, Animal Loving

individuals, labelling them as "hippies" and undesirables in the Community. Witness testimony of former friends, of this Defendant will corroborate this.

30.  In addition, Defendant's Connie Estrada, Steve Dossenback, Mark Repp, Robert Arnold and Kevin Flewell targeted individuals Spiritually, culturally, and politically opposed to Right Wing ideals. Evidence will show a case, in which a Native American man was sued for erecting a teepee or Prayer Space on his property. Baca Grande Property Owners Association v. Jeff Winsett. Case: 2017C30004. Evidence will show a case, in which a Muslim man was harassed over a greenhouse. Curtis Hayes Muhammad V. Baca Grande Property Owners Association. Case: 2018CU3. Evidence will show the Baca Grande Property Owners Association harassed a Hispanic man over building regulations and permit applications, while ignoring blight and disrepair of others. Baca Grande Property Owners Association V. Sandy Bayardo. Case: 18CV02572. Evidence will show harassment towards a Black-Latino family, in which false instruction were provided and *audio recorded*; in the initial stages of building his home. The Black-Latino family was sued for following these instructions. Baca Grande Property Owners Association V. Carmen Gonzales Case: 2018C56. Evidence will show The Baca POA harassed a veteran struggling with emotional issues, culturally and politically opposed to far right-wing ideals; his house was burned by arson, pre-meditated by members of The Saguache County Board of Commissioners, the Baca POA, aided and abetted by The Saguache County Sheriff's Department. Baca Grande Property Owners Association V. Johnathan Jarvis. Case: 2020CV030002.

31.  Defendant's Connie Estrada, Kevin Flewell and Steve Dossenback continued to harass Plaintiff by denying her access to files, ignoring all efforts to respond to or mitigate problems and adding fraudulent charges to Plaintiff's account. These same Defendants placed a fraudulent attorney's charge on

Plaintiff's Status Letter, during the sale of her home. The same Defendants altered the original Status Letter to the title company, adding fictitious charges, to cause additional financial harm to Plaintiff. The Attorney's bills will show no charges were outstanding, at the time these charges were added.

32.  These same Defendants refused Plaintiff's offer for binding arbitration prior to filing a lawsuit and violating their fiduciary obligations.

33.  These same Defendants violated the Americans with Disabilities Act in refusing to make reasonable accommodations for Plaintiff's Disability.

34.  Defendants, The Baca POA, Kevin Flewell, Connie Estrada, Steve Dossenback, Mark Repp, Joe Buckley, Katherine Kennedy and Robert Arnold set forth a discriminatory basis for enforcing Association Covenants. Among many owners is one, Donovan Spitzman, who's home construction has gone unfinished for over 10 years. Mr. Spitzman has not paid Association fees in many years. Mr. Spitzman has not applied for extended permits in several years. Yet, Donovan Spitzman has never been sued by the Baca POA. In fact, video evidence will show numerous homes in disrepair, cluttered with debris, old cars rotting in the yards, blighted, unfinished houses and buildings, and these homes have remained in this state for several years.

35.  Another homeowner is Don Tullos. Mr. Tullos has an area of land cleared, with an entry drive to this open space, exactly as Plaintiff's prayer space, where he parks a camper. Mr. Tullos has never filed for a permit for the clearing or the driveway. Nor has Mr. Tullos ever been admonished, fined, or harassed by the Defendant, The Baca POA. Mr. Tullos is of the same political and like-minded association as Defendants.

36.   Further, the discrimination was validated by former Member and former Judge Anna Ulrich, who was never sued by the Defendants, the Baca POA, nor had her unfinished construction demolished, which remains unfinished as of the filing of this action.

37.   There is a clear pattern of discrimination in enforcing covenants, such as inventing violations, infringing on privacy, violating human rights, violating civil rights, and threatening the quiet enjoyment of life, for some and not others. The Baca POA blatantly failed to unilaterally enforce its Rules and Regulations, Guidelines and Covenants, and only chose to invent violations against those of certain unwelcome, ethnic, minority, religious, cultural, or political affiliations.

38.   The Defendant's The Baca POA, Connie Estrada, Steve Dossenback, Bob Arnold, Mark Repp, Katherine Kennedy, Joe Buckley and The Sagauche County Sheriff's Department Deputies, Steve Hansen, James Chavez, Nathan Randall, Sheriff Dan Warwick, and the Saguache County Commissioners created an atmosphere of fear and intimidation with the arson of 1190 Beaver Road, Crestone, Colorado, a property belonging to Johnathan Jarvis. Johnathan Jarvis was a resident and member of The Baca POA.

39.   Johnathan Jarvis's home was burned down by arson, September 9th, 2020.

40.   Evidence will show the premeditation of the arson, via transcripts and audio recording of the Saguache County Commissioner's meeting August 18th, 2020, in which Commissioner's Jason Anderson, Tim Lavato and Ken Anderson discuss the burning of the structure. Saguache County Commissioners Jason Anderson was also a member of the Baca POA. Commissioners Jason Anderson and Tim Lavato trespassed onto and broke into the property August 18, 2020.

They referred to this as a "site visit". Resident, John Lilo tried to make a Police Complaint and The Saguache County Sheriff's Department refused to investigate this break-in.

41.    The Baca POA Fire Department, under Fire Chief Jim Vanderpool aka "Jim Bo," was slow to respond to the fire, and after arriving at the scene, allowed the structure to burn. Evidence of text messages and emails between these individuals, on the dates of August 16, 2020, and September 11, 2020, will reveal this was premeditated arson. Due to the nefarious and malicious conduct of the Defendant's, Plaintiff had a reasonable and rational fear for her safety and was compelled to leave the community.

42.    Buyer, and present member of The Baca POA, Defendant, Anthony Smith, entered into a purchase agreement for Plaintiff's property at 351 North Chaparral Way, Crestone, Colorado 81131. Defendant's, The Baca POA, Connie Estrada, Kevin Flewell, Anthony Smith, David Graf, Christian Webert, and McKenzie Jones coerced Plaintiff into selling below market value, knowing all matters of transgression would be easily cured after the sale.

43.    Text communications and recorded phone conversations between Plaintiff, Defendants, Anthony Smith and McKenzie Jones will reveal dishonesty and coercion regarding the valuation of the home, and manipulation of Plaintiff to sell her home at a lower than appraised amount, while knowing the issues would be resolved after the sale.

44.    After being aware of all issues, and watching Plaintiff's Documentary, "The Dark Side of Crestone Colorado, The Baca Grande Property Owners Association," Defendant/Realtor, McKenzie Jones, and Buyer/Defendant, Anthony Smith conspired to take advantage of Plaintiff and colluded with The Baca POA to participate in the defrauding of Plaintiff. After the

sale of Plaintiff's home, Defendant Anthony Smith resolved all issues with one permit application and $35.00.

45.   Defendant, Anthony Smith lied to Plaintiff assuring her the property appraised for the asking price. He submitted a phony photo of the appraisal, to the Plaintiff, showing the appraisal price at $185,000.00. He assured Plaintiff he would share the full appraisal if she only signed the documents for the sale of the home. After the sale of the home. Defendant, Anthony Smith, refused to provide the official Appraisal to Plaintiff. This conversation was recorded.

46.   Defendant, McKenzie Jones participated in this dishonesty, withholding the homes valuation and appraisal.

47.   Defendants, Anthony Smith and McKenzie Jones were in a personal relationship at the time of the home's purchase.

48.   Defendants, Anthony Smith and McKenzie Jones were made aware of Defendant's, The Baca POA's, violation of Plaintiff's Constitutional and Civil Rights and proceeded to participate in these violations, in order to procure a significant advantage and profit, during the purchase of Plaintiff's home.

49.   Defendant, David Graf, Senior Executive of Moeller Graf, P.C., while engaged in a lawsuit against Plaintiff, gave select information to his across-the-street neighbor and friend, Anthony Smith, regarding an opportunity to take advantage of the harassment, oppression, Civil Rights and Constitutional violations by his Client, Defendant, The Baca POA. Henceforth, Defendant, David Graf, conferred to Anthony Smith the availability of Plaintiff's property and his ability to manipulate a depreciated purchase price.

## V.

## STATEMENT OF CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## 42 U.S.C. § 1983 – First and Fourteenth Amendment

## Denial of equal protection under the Law

## Defendants: The Saguache County Sheriff's Department, Saguache County Sheriff, Saguache County Deputies, Saguache County Board of Commissioners.

50. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

51. At all times relevant to the allegations in this Complaint, the Defendants acted under color of state law, and within the course and scope of their official duties and employment in their capacities as officers of Saguache County and The State of Colorado.

52. Defendants of Saguache County are "persons" swore to uphold the Constitution of The United States of America and the fourteenth Amendment of The United States Constitution.

53. Under The United States Constitution, as incorporated against the states by the Fourteenth Amendment, Plaintiff, had a clearly established constitutional right to be secure in her person as to equal protection under the law.

54. Under the application of the specific facts and totality of circumstances as described herein, Defendants violated Plaintiff's clearly established constitutional rights.

55. Any reasonable law enforcement officer knew or should have known of these clearly established Constitutional Rights at the time of Plaintiff's request for protection under the Law.

Page 27    Nelson v Baca Grande Property Owners Association et. al.

56.   Defendants did not have a valid legal basis to deny Plaintiff, protection and follow up on her Complaints of harassment, fraud, assault, and coercion.

57.   Defendants shared a belief in Q-anon conspiracy, political alt-right-winged ideals, and disdain, towards those of opposing beliefs, that they participated in a denial of protection and Constitutional Rights towards those of conflicting paradigms.

58.   Defendant's actions, as described herein, were motivated by malice and/or involved reckless or callous indifference to Plaintiff's federally protected rights, and they engaged in these actions and omissions intentionally, willfully, and/or wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's Constitutionally Protected Rights.

59.   Defendant's intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – First Amendment, Amdt 1.1.4.1 Deprivation of Freedom of Religion and Free Exercise Clause. 42 U.S. Code § 3617, Section 3603, 3604, 3605, 3606**

**Defendants: The Baca POA, Kevin Flewell, Connie Estrada, Steve Dossenback, Robert Arnold, Mark Repp, Joe Buckley and Katherine Kennedy**

60.   Plaintiff incorporates all other paragraphs of this Complaint as if set forth herein.

61.   Defendants deliberately impeded Plaintiff's observance of religious practices due to discriminatory practices towards alternative Spiritual practices.

62.   Defendants deliberately ignored Plaintiff's permit applications regarding the establishment of a Prayer Space.

63.  Defendants deliberately ignored emails, certified mail, and efforts to bring any issue into compliance regarding the Plaintiff's Prayer Space.

64.  Defendant's actions, as described herein, were motivated by malice and/or involved reckless or callous indifference to Plaintiff's federally protected rights, and they engaged in these actions and omissions intentionally, willfully, and/or wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's Constitutionally Protected Rights.

65.  Defendants threatened, intimidated, and interfered with Plaintiff's Free Exercise of Religious practice in violation of laws and precedents of the United States Constitution.

### THIRD CLAIM FOR RELIEF

**Violation of The Federal Fair Housing Act ("FHA"), 42 U.S.C. §3601, *et. seq.* (15 U.S.C. § 1692 and following). 42 U.S. Code § 3617, Section 3603, 3604, 3605, 3606. Obstruction of Religious Exercise.**

**Defendants: The Baca POA, Connie Estrada, Kevin Flewell, Steve Dossenback, Mark Repp, Robert Arnold, Joe Buckley and Katherine Kennedy.**

66.  Plaintiff incorporates all other paragraphs of this Complaint as if set forth herein.

67.  Defendants deliberately ignored Plaintiff's permit applications, emails, certified mail, and efforts to bring any issue into compliance regarding the Plaintiff's Prayer Space.

68.  Defendants threatened, intimidated, and interfered with Plaintiff's Free Exercise of Religious practice.

69.  Defendants refused to enter binding arbitration offered by Plaintiff.

70. Defendant's actions, as described herein, were motivated by malice and/or involved reckless or callous indifference to Plaintiff's federally protected rights, and they engaged in these actions and omissions intentionally, willfully, and/or wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's Constitutionally Protected Rights.

71. Defendants deliberately and maliciously prevented Plaintiff from exercising her Constitutional Rights and Free Exercise of her Religious beliefs in violation of laws and precedents of the United States Constitution and Federal Fair Housing Act.

### FOURTH CLAIM FOR RELIEF

**Violation of Americans with Disabilities Act (ADA). Section 504 reasonable accommodation requirement, Titles II and III. Fair Housing Act, 42 U.S. Code § 1983, 42 U.S.C. 3601. 42 U.S. Code § 3617, Section 3603, 3604, 3605, 3606, 3607.**

**Defendants The Baca POA, Joe Buckley, Kevin Flewell, Connie Estrada, Steve Dossenback, Mark Repp, Robert Arnold.**

72. Plaintiff incorporates all other paragraphs of this complaint as if set forth herein.

73. Plaintiff is Legally Disabled and unable to perform substantial gainful activity. This has been the determination of her physicians and the Social Security Administration. Plaintiff's neurological and physical limitations were clearly communicated to the Defendants.

74. Defendants were made aware they were violating Plaintiff's Rights by ignoring her request for accommodations and exploiting her cognitive limitations. Defendants failed to accommodate her efforts to comply with Covenants, Laws, Rules, and Regulations, intentionally causing mental anguish, confusion, duress and worsened Plaintiff's illness.

75. Defendants deliberately failed to inform Plaintiff of a Lawsuit in Sagauche County Court of Colorado, while Plaintiff was in the State of Mississippi, caring for her mother, during the pandemic crisis. Defendants failed to serve a summons, at Plaintiff's address of record, by certified mail.

76. Defendants, in refusing to make reasonable accommodations to Plaintiff's disability, deliberately and maliciously exploited Plaintiff's disclosure of her disability to cause her more harm, manipulate a default judgment and extort money from Plaintiff's property.

77. Defendant's actions, as described herein, were motivated by malice and/or involved reckless or callous indifference to Plaintiff's federally protected rights, and they engaged in these actions and omissions intentionally, willfully, and/or wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's Constitutionally Protected Rights.

78. Defendant's intentional actions or inactions as described herein intentionally deprived Plaintiff of rights, privileges, liberties, and immunities secured by the Americans with Disabilities Act.

## FIFTH CLAIM FOR RELIEF

**Violation of Americans with Disabilities Act (ADA). Section 504 reasonable accommodation requirement, Titles II and III.
Fair Housing Act, 42 U.S. Code § 1983, 42 U.S.C. 3601. 42 U.S. Code § 3617, Section 3603, 3604, 3605, 3606, 3607.**

**DEFENDANTS: Moeller Graf, P.C., Christian Webert, Esquire, David Graf, Esquire**

79. Plaintiff incorporates all other paragraphs of this complaint as if set forth herein.

80. Plaintiff is Legally Disabled and unable to perform substantial gainful activity. This has been the determination of her physicians and the Social Security Administration. Plaintiff's neurological and physical limitations were clearly communicated to the Defendants.

Page 31      Nelson v Baca Grande Property Owners Association et. al.

81.   Defendants were made aware they were violating Plaintiff's Rights by ignoring her request for reasonable accommodations and exploiting her cognitive limitations. Defendants failed to accommodate her efforts to comply with Covenants, laws, Rules, and Regulations, intentionally causing mental anguish, confusion, duress and worsened Plaintiff's illness.

82.   Defendants deliberately failed to inform Plaintiff of a Lawsuit in Sagauche County Court of Colorado, while Plaintiff was in the State of Mississippi, caring for her mother, during the pandemic crisis. Defendants failed to serve a summons, at Plaintiff's address of record, by certified mail.

83.   Defendant, Christian Webert, Esquire, sent redundant and contradictory emails to confuse, harass and overcharge Plaintiff for legal services while Plaintiff was unaware of Defendant's motive to extort money from her property.

84.   Defendant, David Graf, Esquire, exploited Plaintiffs persecution by his Clients / Defendants, of the Baca POA, and shared privileged information with his neighbor, Anthony Smith, in that Anthony Smith could manipulate a depreciated price from Plaintiff during the sale of her home.

85.   Defendants, in refusing to make reasonable accommodations to Plaintiff's disability, deliberately and maliciously exploited Plaintiff's disclosure of her disability to cause her more harm, manipulate a default judgment and extort money from Plaintiff's property.

86.   Defendant's actions, as described herein, were motivated by malice and/or involved reckless or callous indifference to Plaintiff's federally protected rights, and they engaged in these actions and omissions intentionally, willfully, and/or wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's Constitutionally Protected Rights.

87.   Defendant's intentional actions or inactions as described herein intentionally deprived Plaintiff of rights, privileges, liberties, and immunities secured by law.

Page 32      Nelson v Baca Grande Property Owners Association et. al.

## SIXTH CLAIM FOR RELIEF

## FOURTEENTH AMENDMENT

## DEPRIVATION OF PROCEDURAL DUE PROCESS. VIOLATION OF COLORADO RULES OF JUDICIAL CONDUCT. Colo. R. Prof'l. Cond. 8.4(a)(b)(c)(d)(g)(h)

### DEFENDANTS: Moeller Graf, P.C., Christian Webert, Esquire

88.   Plaintiff incorporates all other paragraphs of this Complaint as if set forth herein.

89.   Defendant's intentional actions or inactions as described herein, deprived Plaintiff of procedural due process and of rights, privileges, liberties secured by the Constitution of the United States of America and The State of Colorado Rules of Civil Procedure.

90.   Defendant deliberately failed to deliver a summons to Plaintiff at her address of record, via certified, registered mail, USPS with required signature, UPS, or Fed-ex.

91.   Instead, same Defendants opted for Service by publication in a sparsely circulated publication, unheard of by Plaintiff, called the Sagauche Crescent with a circulation in the town of Saguache, Colorado, population 550 and over thirty miles from Defendant's residence in Saguache County.

92.   Defendants were aware this town was thirty miles away from Plaintiffs residence in Crestone, Colorado.

93.   Defendants were also aware that Plaintiff was in Mississippi, caring for her elderly mother, during a pandemic crisis.

94.   Defendants were aware Plaintiff was disabled with cognitive limitations and unable to perform critical thinking on a consistent basis. Defendants exploited Plaintiff's weaknesses to deceive and defraud, by failing to make reasonable accommodations for Plaintiff's disability.

95. Defendant's intentional actions as described herein intentionally deprived Plaintiff of rights, privileges, liberties, secured by The Constitution of The United States of America.

## SEVENTH CLAIM FOR RELIEF
## CLAIM FOR RELIEF

### FRAUD

**Fraudulent Deceptive Sales and Business practices. Article 16 – Colorado Fair Debt Collection Practices Act. C.R.S. Title 5 Article 16. Obligation of good faith. 2016 Colorado Revised Statutes Title 38 – Property – Real and Personal, Real Property, Article 33.3 – Colorado Common Interest Ownership Act, Part 1 General Provisions § 38-33.3-113 (11)(a)(II),. Colorado Revised non-profit Corporation Act. Colorado Revised Statutes Annotated C.R.S. Title 5, Art. 16, 5-16-108 unfair practices. 5-16-111.5, Fees, cost, and cost of collection – limitation. The Federal Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 and following)**, **Baca POA Amended and Restated Bylaws,**

**Defendants: The Baca POA, Kevin Flewell, Connie Estrada, Steve Dossenback, Robert Arnold, Mark Repp.**

96. Plaintiff incorporates all other paragraphs of this complaint as if set forth herein.

97. Defendants engaged in duplicitous billing practices.

98. Defendants The Baca POA, Connie Estrada and Katherine Kennedy trespassed onto Plaintiff's property and took photographs of ambiguous objects, declaring these items violations of Covenants, Rules, Regulations or Guidelines. The same Defendants singled out Plaintiff for harassment, citing harmless items as punishable and finable offenses. These Defendant's actions resulted in fines and charges placed on Plaintiff's account. The sole purpose of such action was to defraud, harass, coerce, intimidate, and harm Plaintiff.

99. Defendants ignored Plaintiff's efforts to respond to these fabricated violations. Defendants asked for repeated responses, feigning non-receipt of earlier responses, applications, permits, certified mail or emails.

100. Defendants employed Moeller Graf and Christian Weber, Esquire, to email Plaintiff and discussed her affairs. The Defendants created circumstances of which Attorney's fees would accumulate against Plaintiff without her knowledge. Defendants, aware this would result in excessive cost, hired the Attorney to cause financial harm to Plaintiff.

101. Defendants never informed Plaintiff that the Attorney's work was billed hours, which would be charged to her account, and extorted from the sale of her home.

102. Defendants The Baca POA, Connie Estrada and Kevin Flewell deliberately and fraudulently altered the Status Letter to Plaintiff's Title company, Canyon Title Company, to add charges and cause more emotional and financial harm to Plaintiff, during the sale of her home.

103. Defendants Connie Estrada and Kevin Flewell then sought counsel with Defendant Christian Webert, Esquire and Moeller Graf, P.C. to discuss the legal implications of fraudulently altering Plaintiff's account. After this consultation, Defendant Christian Webert, Esquire, proceeded to bill Plaintiff for that consultation.

104. Defendants failed to record a vote by the Baca POA Board of Governors prior to proceeding with legal action, in violation of CCIOA 38-33.3-316(11)(a)(II) Lien for assessments, rendering the lawsuit fraudulent

## EIGHTH CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

**Obligation of good faith. 2016 Colorado Revised Statutes Title 38 – Property – Real and Personal, Real Property, Article 33.3 – Colorado Common Interest Ownership Act, Part 1 General Provisions § 38-33.3-113 (11)(a)(II), Colorado**

Page 35      Nelson v Baca Grande Property Owners Association et. al.

**Revised non-profit Corporation Act, Baca POA Amended and Restated Bylaws, Baca POA Amended and Restated Covenants.**

**Defendants The Baca POA, Connie Estrada, Kevin Flewell, Steve Dossenback, Mark Repp and Robert Arnold.**

105. Plaintiff hereby incorporates all other paragraphs of this Complaint as   if fully set forth herein.

106. Defendants breached contract with Plaintiff, demonstrating a clear discriminatory and malicious disregard for their contractual obligations.

107. Defendants intentionally dishonored the contract with plaintiff by refusing to acknowledge permit applications, deliberately not answering Plaintiff's certified mail, deliberately ignoring emails and Plaintiff's repeated submissions of applications in keeping Plaintiff's "good faith" with said contract.

108. Defendants failed to honor determinations of the appeals committee and refused to follow section 13.3 *COMPLIANCE CODE* of its governing documents which states "When violations in non-compliance with these covenants are brought to the attention of the association, the matter shall be dealt with by the following procedure. A series of due process steps shall be followed as prescribed by the Compliance Code. The goal of these procedures is not punitive, but rather to bring Members back into compliance with the covenants."

109. Defendants intentionally dishonored the contract with plaintiff by refusing to allow Plaintiff access to her files, access to requested sign in sheets, requested documents, or attend meetings. Instead, defendants provided partial documentation and charged Plaintiff fees, for the service.

110. Defendants violated The Baca POA Amended and Restated Bylaws, Article XIII, section 13.3 and Article IV Section 4.5. The books and records of the Association shall be available for inspection and copying by any member at least five working days before the date on which the Member wishes to inspect. according to the Colorado Revised Nonprofit Corporations Act.

111.  Defendants demonstrated the most compelling evidence of bad faith towards Plaintiff, when the new owner, Anthony Smith, was able to cure all outstanding matters with (1) one permit application and a $35 fee.

112.  Defendant's intentional actions or inactions as described herein deprived Plaintiff of rights, privileges and liberties secured by taw and contract.

**EIGHTH CLAIM FOR RELIEF**
**BREACH OF FIDUCIARY DUTY**

**Obligation of good faith. 2016 Colorado Revised Statutes Title 38 – Property – Real and Personal, Real Property, Article 33.3 – Colorado Common Interest Ownership Act, Part 1 General Provisions § 38-33.3-113 (11)(a)(II),. Colorado Revised non-profit Corporation Act, Baca POA Amended and Restated Bylaws, Baca POA Amended and Restated Covenants.**

**Defendants: The Baca POA, Connie Estrada, Kevin Flewell, Steve Dossenback, Mark Repp, Robert Arnold.**

113.  Plaintiff incorporates all other paragraphs of this complaint as if set forth herein.

114.  Defendants failed to enforce Covenants within the Community creating a depreciated value in Plaintiff's home.

115.  Video evidence shows persistent and unmitigated blight within the Community, of which, various members were never admonished to clean, repair or restore.

116.  The video evidence shows the community in a state of disrepair, with trash, abandon cars, abandon homes and unfinished construction projects.

117.  Evidence shows the Defendants only enforced Covenants against select individuals of undesirable race, creed, political affiliation, disability or gender.

118.  Evidence shows the Defendants allowed the community to languish in blight with homes in disrepair, unfinished construction, broken down vehicles and machinery, litter and garbage.

119.  Defendant's intentional actions or inactions as described herein intentionally deprived Plaintiff of rights, privileges, liberties, secured by law and contract.


**NINTH CLAIM FOR RELIEF**
**FRAUD**

**Fraudulent Deceptive Sales and Business practices. Article 16 – Colorado Fair Debt Collection Practices Act. C.R.S. Title 5 Article 16. Rules of Professional Conduct Colorado Bar Association. C.R.P.C. RULE 1.5(a) FEES. American Bar Association Rules of Professional Conduct Rule 1:6. Colorado Revised Statutes Annotated C.R.S. Title 5, Art. 16, 5-16-108 unfair practices. 5-16-111.5, Fees, cost, and cost of collection – limitation. The Federal Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 and following), Colorado Consumer Protection Act is codified at Colorado Revised Statutes ("C.R.S.") § 6-1-101, et seq., Colo. R. Prof'l. Cond. 8.4(a)(b)(c)(d)(g)(h).**

**Defendants: Moeller Graf, P.C., David Graf, Esquire, Christian Webert, Esquire**

120.  Plaintiff incorporates all other paragraph of this complaint as if set forth herein.

121.  Defendants contrived legal charges, via redundant emails, and extorted money from the sale of Plaintiff's home.

122.  Defendants failed to contemporaneously enter many of the charges into the Cosmolex, failing to archive the validity of the charges.

123. Defendants submitted inflated and fictitious charges to Plaintiff's account to defraud and harm Plaintiff.

124. Defendants emailed Plaintiff, email third parties and discussed her affairs with various individuals, never informing Plaintiff that this Attorney's work was billed hours, that would be charged to her account, and extorted from the sale of her home.

125. Defendant, David Graf, Senior Executive of Moeller Graf, P.C., while engaged in a lawsuit against Plaintiff, gave confidential information to his neighbor and friend, Anthony Smith, regarding an opportunity to take advantage of the harassment, oppression, Civil Rights and Constitutional violations by his Client, Defendant, The Baca POA.

126. Defendant, David Graf, conferred to Anthony Smith the availability of Plaintiff's property and his ability to manipulate a depreciated purchase price. Defendant David Graf and Anthony Smith live across the street from each other, in a golfing community.

127. Defendant's intentional actions as described herein intentionally deprived Plaintiff of rights, privileges, liberties, secured by taw.


### TENTH CLAIM FOR RELIEF
### FRAUD

**Fraudulent Deceptive Sales and Business practices, Violation of Colorado Association of Realtor Code of Ethics, Standards of Practice 11-2, Colorado Consumer Protection Act is codified at Colorado Revised Statutes ("C.R.S.") § 6-1-101, et seq.**

**Defendant: McKenzie Jones**

128. Plaintiff incorporates all other paragraphs of this complaint as set forth herein.

129. Defendant, Realtor, McKenzie Jones in collaboration with her Partner, Defendant Anthony Smith, sought to exploit Plaintiff's duress under persecution, by The Baca POA and the Law Firm Moeller Graf, to manipulate an undervalued price during the sale of Plaintiff's property.

130. Acting as an Agent for Defendant Anthony Smith, Defendant McKenzie Jones, collected a Commission of $5,500.00, after the sale of the home.

131. Acting as an Agent and Personal Partner of Defendant Anthony Smith, Defendant McKenzie Jones made repeated calls to Defendant, Attorney, Christian Webert, regarding The Baca POA's liens and issues with the property.

132. These repeated calls to the Defendant, Moeller Graf Law Firm, which is owned by Defendant David Graf, created more Attorney's charges, that would be extorted from the sale of the Plaintiff's home.

133. Defendant was aware that her Partner, Defendant Anthony Smith was the across-the-street neighbor of Defendant, David Graf, Esquire, Senior Partner of Moeller Graf, and was privy to select information regarding Plaintiff's property.

134. Defendant, McKenzie Jones made these calls and created these Attorney's fees for the Plaintiff, while knowing all issues would be resolved, without substantial cost, after the sale.

135. Defendant's intentional actions or inactions as described herein defrauded Plaintiff and deprived Plaintiff of rights, privileges, liberties, secured by taw.

## ELEVENTH CLAIM FOR RELIEF
## FRAUD

**Fraudulent Deceptive Sales and Business practices. Colorado Consumer Protection Act is codified at Colorado Revised Statutes ("C.R.S.") § 6-1-101, et seq. § 6-1-717. Influencing a real estate appraisal, 2016 Colorado Revised Statutes, Title 6 - Consumer and Commercial Affairs, Fair Trade and Restraint of Trade**
**Article 1 - Colorado Consumer Protection Act, Part 7 - Specific Provisions, § 6-1-717. Colo. R. Prof'l. Cond. 8.4(a)(b)(c)(d)(g)(h)**

**Defendant: Anthony Smith**

136.  Plaintiff incorporates all other paragraphs of this complaint as set forth herein.

137.  Defendant Anthony Smith was the across-the-street neighbor of Defendant, David Graf, Esquire, Senior Partner of Moeller Graf, and was privy to select information regarding Plaintiff's property.

138.  Defendant Anthony Smith, sought to exploit Plaintiff's duress under persecution, by The Baca POA and the Law Firm Moeller Graf, and manipulate an undervalued price during the sale of Plaintiff's property.

139.  Defendant entered a verbal contract with Plaintiff to share Appraisal information after the sale was complete, only to secure the purchase of the property. After which, he refused to provide said Appraisal.

140.  Defendant provided a screenshot of a fraudulent forged document showing an Appraisal for the asking price of the home.

141.  Defendant manipulated Plaintiff into selling her home at a devalued market price, while aware that all issues would be resolved with Defendant, the Baca POA, for negligible cost.

142.  Defendant's intentional actions or inactions as described herein defrauded Plaintiff and deprived Plaintiff of rights, privileges, liberties, secured by taw.

## TWELFTH CLAIM FOR RELIEF

## FIRST AMENDMENT AND FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES. Section 19 of the Criminal Code, § 5508 Rev.Stat

## FREEDOM OF ASSOCIATION

**Defendants: The Baca POA, Connie Estrada, Morgan Harris, Steve Dossenback, Mark Repp, Robert Arnold, Lori Sunflower, County of Saguache, Saguache County Sheriff's Department, Saguache County Sheriff Dan Warwick, Deputy Steve Hansen, Deputy James Chavez, Deputy Nathan Randall.**

143. Plaintiff incorporates all other paragraphs of this Complaint as set forth herein.

144. In varying degrees, Defendants believed in alt-right wing ideations and embraced the Qanon Conspiracy theory and Donald Trump stolen election Conspiracy.

145. Defendants felt emboldened to discriminate against persons of opposing beliefs. In the years of 2018, 2019 and 2020, Defendants felt they were empowered by cryptic information in Qanon message blogs and youtube videos, to oppress individuals of different beliefs.

146. Defendants, empowered by, then President Donald Trump, began to persecute those of opposing beliefs, believing these individuals were a menace to the Republic of The United States of America. Defendants formed a consocation to persecute Plaintiff, harm her financially, threaten her with false imprisonment and violate her Constitutional Rights.

147. Defendants made overt and implied threats, verbally, through text message and social media post.

148. Defendant's actions, as described herein, were motivated by malice and/or involved reckless or callous indifference to Plaintiff's federally

protected rights, and they engaged in these actions and omissions intentionally, willfully, and/or wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's Constitutionally Protected Rights.

## THRITEENTH CLAIM FOR RELIEF
## DEFAMATION
## C.R.S. 13-25-125.5,
## Defendants: Connie Estrada, Katherine Kennedy, Joe Buckley.

149. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

150. Defendants disseminated false written and verbal communications in the community about Plaintiff, that unjustly harmed her reputation.

151. Defendant, Connie Estrada, accused Plaintiff of trying to hit her with her car, twice, in an official Police Report and a civil lawsuit for restraining order, as well as verbally to members of the community. This was false.

152. Defendants began harassing Plaintiff because they believed Defendant Connie Estrada's account of the events.

153. Defendant, Saguache County Deputy Steve Hansen refused to evaluate the video evidence Plaintiff had and figuratively threw Plaintiff out of the Sheriff's Department when she asked to file charges against Connie Estrada.

154. Defendants Katherine Kennedy and Joe Buckley committed perjury against Plaintiff, testifying that Plaintiff openly threatened Defendant, Connie Estrada, in a Property Owners Association meeting.

155. Defendant Katherine Kennedy falsely affirmed to the court that Plaintiff said "You better leave me alone. You don't know what I'll do to you." To Defendant, Connie Estrada.

156.   Contradictorily, Defendant, Joe Buckley, testified Plaintiff told Defendant Connie Estrada not to trespass on her property again. However, Joe Buckley testified Plaintiff said this in a threatening manner.

157.   Defendant, Connie Estrada, was acting as an employee of the Baca POA and was paid for her time while attending court proceedings, for the Civil Protection Order and Harassment charges against Plaintiff.

158.   Defendant, Connie Estrada, deliberately and maliciously defamed Plaintiff to harass and harm Plaintiff.

159.   Plaintiff began receiving various anonymous threats and obscene anonymous sexual text because of Defendant, Connie Estrada's actions.

160.   Plaintiff began receiving threatening and obscene text from Defendant, Morgan Harris.

161.   Plaintiff's friend, David Ocker, also received threatening text from Defendant Morgan Harris, regarding his association with Plaintiff.

162.   Plaintiff's friend in the community, Ryan Hiatt, also began receiving anonymous threatening text as he tried to help Plaintiff.

163.   Plaintiff felt this defamation left her vulnerable to physical, financial, and emotional harm within the Crestone, Colorado community and moved away in February 2020.

164.   Plaintiff eventually sold her home, at a significant loss, in February 2021

165.    The Defendants are liable to damages as defined by Colorado statutes.

## PRAYER FOR RELIEF

A)   Declaratory and injunctive relief, as appropriate.

B)   Past and future economic losses on all claims allowed by law, including but not limited to lost earnings from Airbnb and rental income, moving expenses, commissions, housing expenses and legal related expenses, in an amount to be determined at trial.

C)   Compensatory and consequential damages, including, but not limited to, damages for emotional distress, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial,

D)   Punitive damages on all claims allowed by law and in an amount to be determined at trial.

E)   Attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law, pre- and post-judgment interest at the lawful rate.

F)    Any further relief that this court deems just and proper, and any other relief as allowed by law.

G)    Pre- and post-judgment interest at the lawful rate.
     .

## DEMAND FOR A JURY TRIAL

Plaintiff respectfully demands a jury trial on all causes of action and claims to which, she has a right to a jury trial.

**PLAINTIFFS DEMAND A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Dated this 15th Day of August, 2022

---

Cynthia Nelson, pro. se.
15390 East Arizona Avenue Apt. 207
Aurora, Colorado 80017
Phone: 601-397-2522
Email: somethingcynthia@gmail.com

## Certificate of Compliance

Pursuant to D.C. COLO.LPtR 17 guidelines for Complaint's structure. I, the Plaintiff, Cynthia Nelson, certifies that this Complaint has a word count of 10,146 words; and the body of the complaint employed Arial type fonts, with a 14-point font.

Respectfully Submitted on this 15th day of August, 2022

_Cynthia Nelson_
_____